Revised April 5, 2002

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30871
_____


BROADWING COMMUNICATIONS INC, formerly
known as Network Long Distance Inc

                    Plaintiff - Appellant

v.

GENE W HARRIS

                    Defendant - Appellee

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(00-CV-1125)
_____

April 3, 2002

Before KING, Chief Judge, and GARWOOD and HIGGINBOTHAM, Circuit
Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Broadwing Communications, Inc.

("Broadwing") appeals the summary judgment granted by the

district court in favor of Defendant-Appellee Gene W. Harris.  We

agree with Harris that the district court correctly set aside the

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entry of default in this case. We disagree, however, with the district court's decision to grant summary judgment in favor of Harris on the basis that the indebtedness of LDC Consultants, Inc. ("LDC") to Network Advanced Services, Inc. ("Network"), Broadwing's predecessor in interest under the Resale Agreement entered into on January 6, 1993 between LDC and Network, had prescribed. The Release and Settlement Agreement entered into on June 6, 1996, among LDC, Network and Quantum Communications, another communications company, contained an explicit and unambiguous acknowledgment that "LDC is indebted to [Network] (in an amount in excess of the outstanding principal and unpaid interest balance remaining on the Notes) pursuant to the terms of [the Resale Agreement]," and the release and settlement was specifically described as "partial." Within the four corners of the Release and Settlement Agreement, there is nothing to suggest that LDC did not owe Network more than the $237,114.48 (the unpaid balance on the Notes) that was the subject of the partial release. The district court erred in using the extrinsic (i.e., parol) evidence presented in the deposition of Harris to vary the terms of the unambiguous Release and Settlement Agreement. See LA. CIV. CODE ANN. art. 3073 (West 1994); Brown v. Drillers, Inc., 93-1019 (La. 1/14/94), 630 So. 2d 741, 746-48.

We leave to the district court on remand the effect of our conclusion about the Release and Settlement Agreement on prescription, as well as any question that may exist as to

whether LDC's indebtedness may have prescribed on some basis apart from the construction of the Release and Settlement Agreement.

The judgment of the district court is REVERSED and the case is remanded to the district court for further proceedings consistent with this opinion.  Costs shall be borne by Harris.

REVERSED.